BLACK vs. RICHARDS. Adm'r.

1. Where a planter employs a merchant to ship his crop to a particular house, the account of sales, of such house, in relation to the subject of the shipment, if established by proof, is good evidence in a suit between the merchant and planter, against the latter, that the shipment has been made, according to the contract.

This was an action of assumpsit, for goods sold, &c. brought by the plaintiff in error, in Franklin Circuit court. The defence relied on, was, that the plaintiff, being the factor of the defendant's intestate, the latter had placed in his possession a crop of cotton, with directions to ship to a particular house : but that he had violated these instructions, and had become the purchaser himself. To rebut this defence, the plaintiff offered in evidence, the account sales of the merchants, to whom he was directed to ship the cotton, to show that he had complied with the directions of his principal. The court below, rejected this evidence, as secondary; and a verdict was had in favor. of. the defendant. On a bill of exceptions,. the case was brought into this court.

*W. B. Martin*, for plaintiff—*Ormond, contra.*

LIPSCOMB, C. J.—This was an action of assumpsit, brought by the plaintiff against the defendant's in testate, for goods, wares and merchandise.

The defendant plead non-assumpsit, payment and set off. For the purpose of supporting the defence under these pleas, he offered to prove, (and witnesses to that effect,) that he had made an agreement with the plaintiff, to ship his cotton to the house of Bedford,

Breedlove & Robinson, of the city of New-Orleans; but that in violation of the agreement, the plaintiff had shipped it from himself to himself.

The defendant succeeded in his defence, and had the value of the cotton set-off against the plaintiff's demands, and judgment in his favor for a balance.

The only error assigned, that we consider at all material to be examined, grows out of a part of the bill of exceptions, taken on the trial, and which is here set out.

It was given in evidence that the defendant had requested the plaintiff to ship the cotton to Bedford, Breedlove & Robinson, but that he had shipped it from *himself* to *himself.*

The plaintiff, in order to shew that he had shipped the cotton in question agreeably to contract; and to prove the amount of sales, offered on account of sales from the said house of Bedford, Breedlove & Robinson: this was objected to, as secondary evidence, and excluded from the jury.

I have had some difficulty in comprehending the objection taken to the testimony. I have however, concluded, that the court below is to be understood, as ruling, that the account of sales so made out by Bedford, Breedlove & Robinson, was secondary to their testimony as witnesses; and that it should have been taken in the ordinary way, on their oath. If this is the construction to be given to the opinion of the judge, as expressed in the bill of exceptions, it seems to me there is error.

If the contract was, as contended by the defendant, he thereby constituted this firm, his agents, in relation to the subject of the shipment; and the account of sales made out of that cotton, would be, if rendered

by them; evidence against their principal, the defendant, of the performance of the contract on the plaintiff's part. Suppose, that the plaintiff had, instead of presenting the account current, offered the receipt of this firm, for the cotton—such as is usually given, when it is not immediately sold, would it have been contended that this would not have been evidence that he had performed his undertaking? By constituting them his agents, their acts in relation to the subject matter of the agency, become his acts, so far as others are concerned; as much so as if he had signed the receipt himself.

We are not to suppose that the account current offered in evidence, was objected to, because it was not proven to have been, really, what it purported to be—made out by Bedford, Breedlove & Robinson. The only objection was, that it was a secondary kind of testimony: from this, we must infer that it was proven.

If there was conflicting testimony, it was not the province of the Judge to weigh it, and determine which should prevail, and which rejected: this should have been left to the jury. The testimony was, therefore, improperly rejected; and for this error, the judgment must be reversed, and the cause remanded.